# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
# DANVILLE

UNITED STATES OF AMERICA

v.

CALVIN FRANKLIN HUGHES, JR.

ORDER OF DETENTION
PENDING TRIAL

CASE NO.: 4:23-cr-00013-1

In accordance with the Bail Reform Act, 18 U.S.C. § 3 142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trail in this case.

## FINDINGS OF FACT

(1)    There is probable cause to believe that the defendant has committed an offense:
(a) for which a maximum term of imprisonment of ten years or more is prescribed in  18:1951, 18:924(c), 18:922(g)(1)  .

(2)    The defendant has not rebutted the presumption established by finding that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

## STATEMENT OF REASONS FOR DETENTION

I find that the credible testimony and information submitted at the hearing establishes that:

Pretrial detention is appropriate if the court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person or the community." 18 U.S.C. § 3142 (e)(1). In evaluating this, the court considers: (1) the nature and circumstances of the offense; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including his physical and mental condition and whether, at the time of the alleged offense, he was on pretrial release pending trial; and (4) the nature and seriousness of the danger that the defendant's release would present to any person. Id. § 3142(g). Because there is probable cause to believe, based on the grand jury's return of an indictment, that Defendant committed armed robbery and possessed (and discharged) a firearm in furtherance of that robbery, a rebuttable presumption arises that "no condition or combination of conditions of release will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3).

"[T]he presumption of dangerousness . . . represents Congressional findings that certain offenders . . . are likely to continue to engage in criminal conduct undeterred either by the pendency of charges against them or by the imposition of monetary bond or other release conditions." United States v. Dominguez, 783 F.2d 702, 707 (7th Cir. 1986). But this presumption only places a burden of production on a defendant; the government still carries the burden of persuasion. See United States v. Stone, 608 F.3d 939, 945 (6th Cir. 2010) (collecting cases). "A defendant satisfies his burden of production when he 'comes forward with evidence that he does not pose a danger to the community or a risk of flight.'" Id. (quoting United States v. Mercedes, 254 F.3d 433, 436 (2d Cir. 2001)). Although a defendant's burden in this respect is not onerous, he must put forth some evidence to rebut the presumption of dangerousness. Id. If a defendant satisfies this burden of production, "the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by district court." Mercedes, 254 F.3d at 436.

Based on the evidence presented this morning, including the testimony of TFO McBride and the PTS report, the court finds that the government has carried its burden of establishing dangerousness, by clear and convincing evidence, and risk of flight by a preponderance of the evidence.

The charged offenses—essentially an armed robbery during which Defendant allegedly brandished and discharged a firearm—are among the most serious that this court sees and are inherently dangerous. If convicted of these offenses, Mr. Hughes, as it currently stands, faces a combined statutory minimum sentence of 10 years' imprisonment on top of whatever sentence is imposed for the robbery and the 922g offense. By the court's calculation, the defendant faces an approximate sentence of at least 15 years imprisonment if convicted on all three counts.

Although Defendant is presumed innocent of these offenses, the evidence against him is strong. Defendant's codefendant and alleged accomplice, Arshay Haley, provided a detailed Mirandized confession of his and Defendant's involvement in the armed robbery of the Sunrise convenience store. According to Haley, Defendant possessed and discharged the firearm at issue during the robbery, while Haley wielded a machete. This confession, insofar as it implicates Defendant, would only be admissible if Haley pleads guilty and testifies at trial against Defendant. But this is not an unreasonable assumption given his recent cooperation with law enforcement. But even without Haley's testimony, there is abundant circumstantial evidence tying Defendant to the armed robbery. Two days after the robbery, Danville police, acting on an anonymous tip about Defendant's involvement in the robbery, executed a search warrant at an apartment apparently leased by Defendant's sister. During that search, officers recovered a 9 mm pistol inside an HVAC unit. Forensic testing of the ammunition in the magazine and the shell casing recovered from the Sunrise convenience store linked that pistol to the robbery. Officers also recovered mail bearing Defendant's name from the apartment, a machete, and a pair of pants that officers believed one of the robbers was wearing based on surveillance video taken near the store a short time before the robbery. That surveillance video, which depicts to men walking towards the store, also reveals that one of these individuals had a tattoo on his hand that matches a tattoo on Defendant's hand. Two weeks after the search of Defendant's sister's apartment, officers went to a residence where they believed Haley was located. After being shown inside and calling for the occupants to come out, a masked man —later identified as Defendant—came down the stairs. When confronted, Defendant provided officers a false name. (Meanwhile, Haley tried to escape through an upstairs window.)

Mr. Hughes also has a significant prior criminal history, including felony convictions for assault on a public servant, forgery, and larceny, as well as a slew of misdemeanor offenses for assault and assault and battery. In addition, he has twice been convicted of failing to appear in court, and one time of falsely identifying himself to law enforcement officers. This criminal history carries a propensity to commit act of violence, a disrespect for the law generally, and specific disregard conditions imposed by a court, and it underscores both Defendant's potential dangerousness and risk of flight if released on bond. Defendant also has a history of polysubstance abuse involving Ecstasy, PCP, and marijuana. And he has not been employed for approximately the past eight years. Finally, the court notes that Defendant currently has outstanding warrants lodged against him, including for another alleged robbery committed less than two weeks ago.

Defendant contends that he should be released pending trial because he has rebutted the presumption in favor of pretrial detention, and the government has failed to establish, by clear and convincing evidence, that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community, or by a preponderance of the evidence that he is a risk of flight. Specifically, Defendant argues that his proposed bond package—residing with a cousin in South Boston—is sufficient to mitigate the court's concerns regarding dangerousness and risk of flight. The court respectfully disagrees that this proposal is sufficient to do either.

In sum, considering the pertinent § 3142(g) factors, as summarized above, as well as the presumption attendant to the charged offenses, the court concludes that the government has established, by clear and convincing evidence, that Defendant would pose a danger to the community, and, by a preponderance of the evidence, that he would pose a flight risk, if he were released pending trial.

## DIRECTIONS REGARDING DETENTION

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the Unites States Marshal for the purpose of an appearance in connection with a court proceeding.

The Clerk is directed to send certified copies of this Order to the defendant or counsel for the defendant; to the United States Attorney, Roanoke, VA; and to the United States Marshal, Roanoke, VA.

ENTERED:    10/11/2023

Thomas T. Cullen

United States District Judge